UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MEGAN M. MACLEOD, | ) |
|       Plaintiff, | ) ) ) Case No |
| v. | ) ) Judge |
| EQUIFAX INFORMATION SERVICES LLC., RMP GROUP, INC. d/b/a MONEY RECOVERY NATIONWIDE and RECEIVABLES MANAGEMENT PARTNERS, LLC and CBM SERVICES, INC. | ) ) ) ) ) ) |
|       Defendants. | ) |

## VERIFIED COMPLAINT

Plaintiff, MEGAN M. MACLEOD ("Plaintiff") brings this action against defendants EQUIFAX INFORMATION SERVICES LLC ("Equifax"), RMP GROUP, INC. d/b/a MONEY RECOVERY NATIONWIDE, RECEIVABLES MANAGEMENT PARTNERS, LLC ("RMP") and CBM SERVICES, INC. ("CBM") (collectively, "Defendants") as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendants for damages caused by violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer

1

reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

3. Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

4. The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors.

5. In early 2020, Plaintiff initiated the process of addressing errors on her credit reports, in the hopes of obtaining a home mortgage. In that process, Plaintiff learned that she had several erroneous and derogatory entries on her credit reports. Plaintiff disputed the errors with credit reporting agencies Equifax, Experian Information Services LLC ("Experian) and TransUnion LLC ("TransUnion").  Every credit reporting agency other than Equifax removed the errors from Plaintiff's credit report. Equifax instead verified, as accurate, the erroneous and derogatory entries complained of herein.

## JURISDICTION

6. Jurisdiction is proper under 28 U.S.C. § 1346 (b)(1), 28 U.S.C. § 1331, and 15 U.S.C. § 1681p ("FCRA") and 1692k ("FDCPA") as this action arises under the laws of the United States.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## PARTIES

8. Plaintiff Megan M. MacLeod is a natural person who resides in Chippewa County, Michigan. Ms. MacLeod is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(3) and within the meaning of the FCRA, as defined at 15 U.S.C. §1681a(c).

9. Defendant Equifax is a corporation which does business within this district and which has its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Its registered agent is CSC-Lawyers Incorporating Service located at 601 Abbott Road in East Lansing, Michigan 48823.

10. Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

11. RMP is a Delaware corporation that does business in Michigan using the names Receivables Management Partners Group, Inc., Receivables Management Partners, LLC and Money Recovery Nationwide. RMP's registered agent is CSC-Lawyers Incorporating Service located at 601 Abbott Road in East Lansing, Michigan 48823.

12. RMP is a debt collector as defined by the FDCPA.

13. CBM is a Michigan corporation that does business in Michigan. Its President and registered agent is Thomas Alvin Matonican, located at 300 Rodd St, Suite 202, Midland, Michigan 48640.

14. CBM is a debt collector as defined by the FDCPA and a furnisher of information within the meaning of the FCRA.

15. Defendants regularly conduct business in Michigan.

## FACTS

### FCRA CLAIMS AGAINST EQUIFAX

16. In early 2020, Plaintiff reviewed credit reports from Equifax, Experian and TransUnion and discovered several incorrect tradelines including reference to school loan tradelines which were incorrect.

17. In or around March of 2020 Plaintiff sent dispute letters to Equifax, Experian and TransUnion regarding the school loan tradelines, informing them that certain tradelines were incorrect. Plaintiff's dispute letters included the following:

- US DEPT OF ED – Opened 3/1/2011 - $241 balance reporting. This account is reporting late payments after it send to collection/charge off status. Please stop adding late payments and adding damage to my credit scores and remove the incorrect late payments.

- US DEPT OF ED – Opened 3/12/2010 - $6,899 balance reporting. This account is reporting late payments after it send to collection/charge off status. Please stop adding late payments and adding damage to my credit scores and remove the incorrect late payments.

- US DEPT OF ED – Opened 3/12/2010 - $3,396 balance reporting. This account is reporting late payments after it send to collection/charge off status. Please stop adding late payments and adding damage to my credit scores and remove the incorrect late payments.

- US DEPT OF ED – Opened 3/1/2011 - $2,024 balance reporting. This account is reporting late payments after it send to collection/charge off status. Please stop adding

late payments and adding damage to my credit scores and remove the incorrect late payments.

- FED LOAN SERVICING – Opened 3/12/10 - $3500 hi balance - $0 current balance. This was an old defaulted student loan that was transferred so it shouldn't be on my report anymore. It also reports as though I'm currently past due which is impossible since there's no balance. Please remove this from my report.

- FED LOAN SERVICING – Opened 3/1/2011 - $2250 hi balance - $0 current balance. This was an old defaulted student loan that was transferred so it shouldn't be on my report anymore. It also reports as though I'm currently past due which is impossible since there's no balance. Please remove this from my report.

- FED LOAN SERVICING – Opened 3/1/2011 - $219 hi balance - $0 current balance. This was an old defaulted student loan that was transferred so it shouldn't be on my report anymore. It also reports as though I'm currently past due which is impossible since there's no balance. Please remove this from my report.

- FED LOAN SERVICING – Opened 3/12/10 - $6000 hi balance - $0 current balance. This was an old defaulted student loan that was transferred so it shouldn't be on my report anymore. It also reports as though I'm currently past due which is impossible since there's no balance. Please remove this from my report.

- CBM SERVICES, INC - Opened 5/21/18 - $76 balance reporting. I had Medicaid coverage for this and it should not be on my report. Please remove it.

18. After Plaintiff's dispute letters were sent, upon information and belief, Equifax, Experian, and Trans Union—pursuant to the requirements stated in 15

U.S.C. §1681i(a)(2)(A)—notified Fed Loan Servicing and CBM of the disputes at or within 5 days of Equifax's, Experian's, and Trans Union's receiving notice of the dispute from Plaintiff.

19. In response to the dispute letters, Experian and TransUnion removed the above referenced tradelines from Plaintiff's credit report.

20. On June 5, 2020 Equifax responded to Plaintiff's disputes and improperly verified the federal school loan reporting on Plaintiff's Equifax credit report as accurate. In addition, Equifax failed to add dispute comments to the federal school loan tradelines.

21. On June 5, 2020 Equifax responded to Plaintiff's disputes and improperly verified the CBM reporting on Plaintiff's Equifax credit report as accurate.

22. Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA, Equifax failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit report.

23. Upon information and belief Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed items within a reasonable time following its receipt of Plaintiff's disputes.

24. Equifax's actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Equifax's failure to investigate Plaintiff's disputes and the false reporting of Plaintiff's federal school loan and CBM accounts. In addition, Equifax's violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

25. Plaintiff has suffered damages proximately caused by the conduct of Equifax, including:

> i. Emotional distress, humiliation, guilt, stress, anxiety, sleepless nights, and loss of focus and production at work;

6

|      |     |
|------|-----|
| ii.  | Time and expense of pulling/reviewing credit reports to verify the reporting of the fraudulent school loan and CBM reporting; |
| iii. | Believing that the fraudulent school loan and CBM reporting may continue to be reported inaccurately through no fault of Plaintiff's and have a chilling effect on her ability to obtain credit for years to come; |
| iv.  | Adverse information on her credit reports and a negative impact to her credit rating; |
| v.   | An inability to improve her credit score during the dispute process; |
| vi.  | Having to pay money to a landlord rather to a mortgage; |
| vii. | A lower credit score; and |
| viii.| Having to hire attorneys to combat the improper credit reporting. |

## FCRA AND FDCPA CLAIMS AGAINST CBM

26. According to the Consumer Financial protection Bureau ("CFPB"), half of all overdue debt on credit reports is from medical debt and one out of five credit reports contains an allegedly overdue medical debt.

27. Payment of Plaintiff's medical expenses and debts are covered through Medicaid and/or tribal insurance for which she is eligible because she is a Native American.

28. In early 2020, Plaintiff reviewed her credit reports and discovered incorrect tradelines including reference to medical collection accounts that were being incorrectly reported because the underlying debts were covered by Medicaid and/or by tribal insurance.

29. Defendant CBM was reporting a collection tradeline in connection with a medical debt allegedly owed to Alcona Health Centers Clinic with a claimed $76 balance under the tradeline CBM Services Inc.

30. The alleged $76 debt was a medical debt incurred for personal, family or household purposes, which makes it a debt within the meaning of that term under the FDCA.

31. The representation that Plaintiff owed the alleged $76 balance was false because the underlying debt was covered by Medicaid and/or tribal insurance.

32. CBM violated the FDCPA by publishing false credit information about Plaintiff to the credit reporting agencies – Equifax, Experian and TransUnion – misrepresenting the amount, status and character of Plaintiff's alleged $76 medical debt in the credit information that CBM furnished to Equifax, Experian and TransUnion and attempting to collect a debt that Plaintiff does not owe.

33. After reviewing her credit report, on March 25, 2020, Plaintiff wrote to Equifax, Experian and TransUnion requesting removal of he CBM tradeline, stating "CBM SERVICES, INC - Opened 5/21/18 - $76 balance reporting. I had Medicaid coverage for this and it should not be on my report. Please remove it."

34. Report of Plaintiff's dispute letter triggered the CRAs duty under 15 U.S.C. §1681i(a)(2) to send CBM notice of Plaintiff's dispute within five business days.

35. On information and belief the CRAs complied with the five business day duty and thereby triggered CBM's duty to conduct a reasonable investigation of Plaintiff's dispute under 15 U.S.C. §1681 s-2(b).

36. CBM failed to conduct a reasonable investigation into Plaintiff's disputes and instead falsely verified the accuracy of the disputed negative credit information that itw as furnishing to the CRAs including that Plaintiff still owed the disputed $76 debt that was covered by Medicaid.

37. CBM's failure to conduct a reasonable investigation is a violation of the FCRA because CBM failed to conduct a reasonable investigation of Plaintiff's dispute and falsely verified the correctness of the incorrect and derogatory credit information it was furnishing about Plaintiff.

**FDCPA CLAIMS AGAINST RMP**

38. According to the Consumer Financial protection Bureau ("CFPB"), half of all overdue debt on credit reports is from medical debt and one out of five credit reports contains an allegedly overdue medical debt.

39. Payment of Plaintiff's medical expenses and debts are covered through Medicaid and/or tribal insurance for which she is eligible because she is a Native American.

40. In early 2020, Plaintiff reviewed her credit reports and discovered incorrect tradelines including reference to medical collection accounts that were being incorrectly reported because the underlying debts were covered by Medicaid and/or by tribal insurance.

41. Defendant RMP was reporting a collection tradeline in connection with a medical debt allegedly owed to ECS Northern MI with a claimed $145 balance under the tradeline of Money Recovery Nationwide.

42. The alleged $145 debt was a medical debt incurred for personal, family or household purposes, which makes it a debt within the meaning of that term under the FDCA.

43. The representation by RMP that Plaintiff owed the alleged $145 balance was false, because the underlying debt was covered by Medicaid and/or tribal insurance.

44. RMP violated the FDCPA by publishing false credit information about Plaintiff to the credit reporting agencies – Equifax, Experian and TransUnion – misrepresenting the amount, status and character of Plaintiff's alleged $145 medical debt in the credit information that RMP furnished to Equifax, Experian and TransUnion and attempting to collect a debt that Plaintiff does not owe.

**COUNT I**

**Equifax—FCRA—Failure to assure accuracy of CBM tradeline**

45. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

46. Pursuant to 15 U.S.C. § 1681e(b) whenever Equifax prepares a consumer report it "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

47. Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files maintained and published concerning Plaintiff's fraudulent CBM tradeline, in violation of 15 U.S.C. § 1681e(b).

48. Equifax's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

49. Plaintiff has suffered embarrassment, humiliation, and emotional distress as a result of Equifax's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in her favor and against Equifax;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's CBM tradeline; and
h. Such other relief as the Court deems equitable, just, and proper.

## COUNT II

**Equifax—FCRA—Failure to reasonably reinvestigate CBM tradeline**

50. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

51. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in her Equifax credit report, Equifax must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

52. Pursuant to 15 U.S.C. § 1681i(a)(4) Equifax must "review and consider all relevant information submitted by the consumer" when Equifax conducts any reinvestigation.

53. Equifax failed to conduct a reasonable investigation of the information in Plaintiff's credit file about the fraudulent CBM tradeline after receiving actual notice of the inaccuracies, along with the detailed information provided by Plaintiff.

54. Equifax failed to delete inaccurate information after actual notice of inaccuracies.

55. Equifax failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file about Plaintiff's fraudulent CBM tradeline.

56. Equifax's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

57. Plaintiff suffered embarrassment, humiliation, and emotional distress as a result of Equifax's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in her favor and against Equifax;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's fraudulent CBM tradeline; and
h. Such other relief as the Court deems equitable, just, and proper.

## COUNT III

**Equifax—FCRA—Failure to assure accuracy of federal school loan tradelines**

58. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

11

59. Pursuant to 15 U.S.C. § 1681e(b) whenever Equifax prepares a consumer report it "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

60. Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files maintained and published concerning Plaintiff's fraudulent school loan tradelines, in violation of 15 U.S.C. § 1681e(b).

61. Equifax's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

62. Plaintiff has suffered embarrassment, humiliation, and emotional distress as a result of Equifax's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in her favor and against Equifax;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's fraudulent school loan tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

## COUNT IV

**Equifax—FCRA—Failure to reasonably reinvestigate federal school loan tradelines**

63. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

64. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in her Equifax credit report, Equifax must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

65. Pursuant to 15 U.S.C. § 1681i(a)(4) Equifax must "review and consider all relevant information submitted by the consumer" when Equifax conducts any reinvestigation.

66. Equifax failed to conduct a reasonable investigation of the information in Plaintiff's credit file about the fraudulent school loan tradelines after receiving actual notice of the inaccuracies, along with the detailed information provided by Plaintiff.

67. Equifax failed to delete inaccurate information after actual notice of inaccuracies.

68. Equifax failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file about Plaintiff's fraudulent school loan tradelines.

69. Equifax's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

70. Plaintiff suffered embarrassment, humiliation, and emotional distress as a result of Equifax's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a.    Enter judgment in her favor and against Equifax;
    b.    Appropriate statutory penalties for each violation of the FCRA;
    c.    Actual damages;
    d.    Punitive damages;
    e.    Reasonable attorney's fees and the costs of this litigation;
    f.    Pre-judgment and post-judgment interest at the legal rate;
    g.    Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's fraudulent school loan tradelines; and
    h.    Such other relief as the Court deems equitable, just, and proper.

## COUNT V

## RMP – VIOLATION OF THE FDCPA

71. The foregoing acts and omissions of Defendant RMP constitute violations of the FDCPA including but not limited to violation of 15 U.S.C. §1692e and §1692f by publishing false credit information about Plaintiff to Equifax, Experian and TransUnion; misrepresenting the amount, status and character of Plaintiff's alleged medical debts in the credit information provided

13

to Equifax, Experian and TransUnion and attempting to collect a debt from Plaintiff that she does not owe.

   WHEREFORE, Plaintiff requests that this Honorable Court:

   a. Enter judgment in her favor and against RMP;
   b. Award the maximum amount of statutory damages;
   c. Award Plaintiff actual damages;
   d. Award Plaintiff punitive damages under 15 U.S.C. §1681n;
   e. Award Plaintiff's attorneys' fees, litigation expenses and costs
   f. That the Court permanently enjoin any further collection efforts by RMP on the alleged medical debt; and
   g. Such other relief as the Court deems equitable, just, and proper.

## COUNT VI

## CBM – VIOLATION OF THE FDCPA

   72.   The foregoing acts and omissions of Defendant CBM constitute violations of the FDCPA including but not limited to violation of 15 U.S.C. §1692e and §1692f by publishing false credit information about Plaintiff to Equifax, Experian and TransUnion; misrepresenting the amount, status and character of Plaintiff's alleged medical debts in the credit information provided to Equifax, Experian and TransUnion and attempting to collect a debt from Plaintiff that she does not owe.

   WHEREFORE, Plaintiff requests that this Honorable Court:

   a. Enter judgment in her favor and against CBM;
   b. Award the maximum amount of statutory damages;
   c. Award Plaintiff actual damages;
   d. Award Plaintiff punitive damages under 15 U.S.C. §1681n;
   e. Award Plaintiff's attorneys' fees, litigation expenses and costs
   f. That the Court permanently enjoin any further collection efforts by CBM on the alleged medical debt; and
   g. Such other relief as the Court deems equitable, just, and proper.

## COUNT VII

### CBM—FCRA—Failure to Investigate

73. The foregoing acts and omission by CBM violate the FCRA.

74. After being informed by the CRAs that Plaintiff disputed the accuracy of the information being furnished to the CRAs concerning Plaintiff, CBM willfully failed to conduct a proper investigation of Plaintiff's dispute filed with the CRAs that CBM was furnishing false and derogatory information regarding Plaintiff and the CBM tradeline.

75. CBM willfully failed to review the relevant information in conducting its investigation, as required by 15 U.S.C. §1681 s-2(b)(B).

76. CBM willfully failed to direct the CRAs to delete the inaccurate information about Plaintiff's CBM tradeline as required by 15 U.S.C. §1681 s-2(b)(C).

77. Plaintiff has a private cause of action to assert claims against CBM arising under 15 U.S.C. §1681s-2(b).

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in her favor and against CBM;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's fraudulent school loan tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: July 23, 2020　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　MEGAN M. MACLEOD, Plaintiff,

　　　　　　　　　　　　　　　　　By:　/s/James M. Smith

　　　　　　　　　　　　　　　　　　　　Richard J. Doherty
　　　　　　　　　　　　　　　　　　　　James M. Smith (P82260)
　　　　　　　　　　　　　　　　　　　　Doherty Smith, LLC
　　　　　　　　　　　　　　　　　　　　9501 W. 144th Place, Suite 101
　　　　　　　　　　　　　　　　　　　　Orland Park, IL 60462
　　　　　　　　　　　　　　　　　　　　Phone: 866.825.6787
　　　　　　　　　　　　　　　　　　　　Fax: 312.319.4084
　　　　　　　　　　　　　　　　　　　　RDoherty@dohertysmith.com
　　　　　　　　　　　　　　　　　　　　JSmith@dohertysmith.com

## **VERIFICATION**

Plaintiff Megan M. Macleod declares as follows:

1.　I am the Plaintiff in this Verified Complaint.

2.　I reside in Chippewa County, Michigan.

3.　I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4.　I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Michigan that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: 7/23/2020

ID xFjnGTVXQ7qjDj5S7FhC4rR7

/s/ Megan M. Macleod, Plaintiff

16

## E-Signature Details

**Signer ID:**     **xFjnGTVXQ7qjDj5S7FhC4rR7**
Signed by:     Megan MacLeod
Sent to email:     meggmacleod@gmail.com
IP Address:     174.230.13.68
Signed at:     Jul 23 2020, 2:08 pm CDT